UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATT BANKS (#116002)  CIVIL ACTION

VERSUS

JAMES M. LeBLANC, ET AL.  NO. 16-0649-JWD-EWD

**R U L I N G**

Before the Court is Plaintiff's Motion for Preliminary Injunction and Rule to Show Cause Why a Permanent Injunction Should Not Issue (R. Doc. 20). Defendants have filed an Opposition to Plaintiff's Motion, and Plaintiff has filed a Reply in response to Defendants' Opposition.

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, Warden Darrel Vannoy and Ass't Warden Stephanie Lamartiniere, alleging that his constitutional rights have been violated through deliberate indifference to his serious medical needs. Specifically, Plaintiff complained that while he was confined in maximum security at LSP in 2013 and 2014, prison officials administered his insulin injections without first checking his blood glucose levels, which practice he contended presented a serious risk to his health and safety. Plaintiff further complained that while thereafter housed in the LSP general population, prison officials have effectively provided him with insulin at irregular intervals by forcing him to walk long distances to the cafeteria and infirmary and by subjecting him to delays resulting from the counting procedure at LSP. Plaintiff prays, *inter alia*, for a modification of the practices for insulin-dependent inmates housed in extended lockdown areas of the prison and to be afforded accommodation in his current housing unit in the form of medications brought to him in his unit and access to a wheelchair and an orderly to push him to the cafeteria and medical facility. In Plaintiff's Second Amended Complaint, he has supplemented his factual

allegations and has added as Defendants herein LSP Medical Director Randy J. Lavespere, Ass't Warden Tracey Falgout and Dr. Paul M. Toce.

In the instant Motion, Plaintiff asserts that because he suffers with insulin-dependent diabetes, diabetic neuropathy, plantar fasciitis, bone spurs and other complications, he experiences pain upon walking. Notwithstanding, prison officials have required him to walk to the prison cafeteria and to the prison infirmary multiple times daily in order to obtain his meals and his twice daily insulin injections. While he has allegedly been provided with a cane, Plaintiff complains that he should be provided with access to a wheelchair and with assistance from healthcare orderlies to push his wheelchair to and from the cafeteria and infirmary. Plaintiff further asserts that because of daily counting procedures at LSP, he is sometimes required to wait long periods to obtain food, which complicates the management of his diabetes. He prays for an Order compelling prison officials to provide him with "patient status" at LSP, which he asserts would entitled him to access to a wheelchair, to the assistance of a healthcare orderly, and to the provision of his medications at his housing unit instead of at the LSP medical unit. He also prays for adequate pain medication which he asserts has not been provided and for referrals for consultations with qualified medical specialists to address his various complaints.

In order to obtain injunctive relief, Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id*. at 196.

On the record before the Court, it does not appear that Plaintiff has established that he is entitled to the relief requested. His allegations in the instant Motion are essentially self-serving and conclusory and reflect that he is principally expressing disagreement with the considered opinions of medical providers at the facility regarding the appropriate care and accommodation for his condition. Although he complains about the care and accommodation that have been provided and asserts that such care has resulted in negative symptomatology and increased complications, he provides no competent medical information to support this assertion. Nor is it clear that Plaintiff is or has been unable to request or obtain medical attention when warranted. To the contrary, his voluminous medical records, filed herein by Defendants, reflect that Plaintiff has routinely been provided with medical care and that he is apparently offered twice-daily injections of insulin, meals at scheduled intervals, snacks as deemed appropriate to control his blood insulin, and a cane for walking. He further acknowledges that he has been provided with an injection that has resulted in improvement of the symptoms related to his plantar fasciitis and was given a duty status calling for a six-month assignment to a lower bunk. In contrast, Defendants assert that Plaintiff has, on many occasions, failed or refused to obtain his scheduled meals or insulin injections because he has asserted that he is unable to walk to the cafeteria or infirmary at the times indicated. Plaintiff concedes as much and, thus, by his own admission, appears to concede that he himself has been unwilling to obtain the medical treatment that is offered to him at the facility. Although Plaintiff asserts that the reason for these failures and "refusals" has been because he has been physically unable to walk the distances required to obtain his meals and insulin, Defendants respond that Plaintiff has been evaluated, and medical personnel have concluded that further accommodation in the form of a wheelchair and healthcare orderly transport is not required or warranted. In addition, Defendants attest that Plaintiff has been

referred for consultations with medical specialists and has never been diagnosed with diabetic neuropathy. Further, upon a diagnosis of plantar fasciitis, Plaintiff has been provided with orthopedic shoes, an assigned duty status, and an injection of medication that has eased his symptoms. In short, there is nothing in Plaintiff's medical records or in the instant Motion, other than Plaintiff's self-serving assertions, that suggests that his treatment by health care providers is unreasonable or constitutes deliberate medical indifference. Accordingly, there is nothing in Plaintiff's Motion that clearly supports his entitlement to the relief requested or shows that such relief is medically necessary or that irreparable injury will result if the relief is not granted.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra.* Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: Plaintiff must be able to establish that Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious

medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra.*

Applying the foregoing principles, it is clear that Plaintiff has failed to allege facts or produce evidence sufficient to support entitlement to injunctive relief. Specifically, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits of his claim or that he will suffer irreparable injury if injunctive relief is not granted. Although Plaintiff complains that he has not been provided with appropriate treatment and accommodation for his diabetes and other medical issues, his conclusory assertions to this effect fail to show that this is true, particularly in light of his admission that he has many times refused to accept the medical treatment and attention that have been offered to him. Finally, the decision to refer an inmate for additional treatment, tests or evaluation is a matter of professional medical judgment that the courts will not normally second-guess in the context of a claim of deliberate medical indifference. *See Cuellar v. Livingston*, 321 Fed. Appx. 373, 374 (5th Cir. 2009) (noting that "the question whether 'additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment,'" *quoting Estelle v. Gamble, supra*, 429 U.S. at 107); *Burge v. Stalder*, 54 Fed. Appx. 793 (5th Cir. 2002) (upholding the grant of a motion to dismiss where the inmate complained of a failure to refer him to a specialist); *Green v. McKaskle*, 788 F.2d 1116, 1127 (5th Cir. 1986) (stating that a "mere claim that [the plaintiff] was not afforded a doctor who specialized in the treatment of paraplegia or a trained physical therapist does not, of itself, state a claim of deliberate indifference"). *See also Corte v. Schaffer*, 24 F.3d 237 (5th Cir. 1994) (concluding that, contrary to the plaintiff's allegation that he had received "no treatment" and that he needed a referral to a specialist, he had failed to demonstrate deliberate indifference where he had been seen and evaluated by prison medical personnel). Although Plaintiff is apparently dissatisfied with

the medical care that he has received at LSP, such dissatisfaction does not alone support an entitlement to specific treatment or accommodation or specialist care that he unilaterally believes should be provided. Therefore, the Court finds that Plaintiff has failed to adequately establish that he faces irreparable injury or that he has a substantial likelihood of success on the merits. Accordingly, the Court finds that Plaintiff's claims may be adequately addressed during the regular course of this proceeding and that, upon his failure to establish the essential components of a viable claim for injunctive relief, the instant Motion should be denied.

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction and Rule to Show Cause Why a Permanent Injunction Should Not Issue (R. Doc. 20) is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on September 26, 2018.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**