UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATT BANKS (#116002)                                          CIVIL ACTION

VERSUS                                                        NO. 16-649-JWD-EWD

JAMES LeBLANC, ET AL.

**ORDER**

Before the Court is a "Motion to Strike Both Defendants' Motions for Summary Judgment" (the "Motion to Strike") filed by Plaintiff Matt Banks ("Plaintiff").[1] Plaintiff argues, essentially, that because similar arguments are made in the Motion for Summary Judgment as were made in the Motion for Judgment on the Pleadings,[2] which was granted in part and denied in part by this Court,[3] that Defendants are precluded from asserting these arguments in their Motion for Summary Judgment. Plaintiff also argues that Defendants "abandoned" the defenses raised in the Motion for Summary Judgment during the pleading stage and takes exception with the fact that the Motion for Summary Judgment was filed by Assistant Attorney General Teresa Phillips, who is no longer assigned to the case.[4]

First, Plaintiff's argument that a denial of a motion for judgment on the pleadings with respect to certain defenses or arguments forecloses a later summary judgment on those points is without merit. These two types of motions are different procedural mechanisms for resolution of

---

[1] R. Doc. 57.
[2] R. Doc. 36.
[3] R. Doc. 44.
[4] R. Doc. 57-1, p. 1. Plaintiff is also under the impression that two separate motions for summary judgment were filed by Defendants and takes issue with this. However, Plaintiff is mistaken. The first document Plaintiff refers to as a Motion for Summary Judgment is a Motion for Leave to File Excess Pages, which included the Motion for Summary Judgment. Because leave of Court was required to file the Motion for Summary Judgment with excess pages, the Motion for Summary Judgment was filed into the record as R. Doc. 56 the following day, after leave had been granted. (*See* R. Docs. 52, 54, & 56). As to Assistant AG Phillips, she submitted the Motion for Summary Judgment on May 23, 2019 and counsel of record was not substituted for Assistant AG Phillips until May 24, 2019. Thus, Assistant AG Phillips was properly counsel of record when the Motion for Summary Judgment was filed.

1

claims.  Entry of judgment on the pleadings is proper if the material facts are not in dispute and the court can render judgment on the merits by *looking to the substance of the pleadings* and any judicially noticed facts.[5]  Accordingly, in a motion for judgment on the pleadings under Rule 12(c), a court should only render judgment in favor of the moving party, if based on the face of the pleadings and judicially noticed facts alone, the plaintiff has failed to adequately state a claim showing that he may be entitled to relief.[6]  In comparison, a motion for summary judgment filed pursuant to Rule 56 allows the court to look at evidence beyond the pleadings to determine if any genuine dispute as to any material fact exists.  These are two different procedural mechanisms, and simply because a defendant does not prevail on a Rule 12(c) motion does not preclude the defendant from later filing a motion for summary judgment raising the same defenses but supporting those defenses with evidence.

Second, Plaintiff relies on the arguments made in his Opposition and Motion to Strike Answer as a basis for striking the Motion for Summary Judgment.  This argument is also without merit.  First, although the Motion to Strike Answer was granted by the Court,[7] it was granted because defendants failed to obtain leave of court to file their most recent Answer, not because the material in that answer was inappropriate, immaterial or redundant.  Further, to the extent this Motion to Strike suggests that arguments raised in Defendants' Motion for Summary Judgment are inappropriate because they are based on affirmative defenses that have been waived, the Court disagrees.  Defendants' Motion for Summary Judgment is largely based upon Plaintiff's lack of ability to carry Plaintiff's initial burden of proof.[8]  Defendants do raise the affirmative defense of

---

[5] *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018).
[6] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); Fed. R. Civ. P. 8(a).
[7] R. Doc. 67.
[8] *See e.g.*, R. Doc. 56-1, p. 9 ("Here, Plaintiff's allegations against Dr. Lavespere, Lamartinere, and Dr. Toce do not rise to the level of a constitutional violation by demonstrating deliberate indifference to a serious medical need of his.  In particular, Plaintiff has failed to show that any of the named Defendants 'refused to treat [him], ignored [his]

qualified immunity,[9] but this defense was pled in Defendants' first, properly filed Answer to Second Amended and Consolidated Complaint, Affirmative Defenses and Request for Jury Trial.[10] Thus, this defense has not been waived. Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Strike Both Defendants' Motions for Summary Judgment"[11] be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on June 28, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

complaints, intentionally treated [him] incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"). *See also*, R. Doc. 56-1, p 25 (In the alternative, Plaintiff still fails to show that there is a genuine dispute of material fact regarding the liability of Dr. Lavespere and Lamartinere because supervisors cannot be held liable for their subordinates' acts under § 1983.")

[9] *See, e.g., Odeh v. City of Baton Rouge/Parish of East Baton Rouge*, Civil Action No. 14-793, 2016 WL 9402909 (M.D. La. 2016) (qualified immunity is an affirmative defense).

[10] *See* R. Doc. 27, p. 7.

[11] R. Doc. 57.